## MICHAEL TUTKO ET AL. *v.* CLAUDIA GOODMAN ET AL.
### (AC 29494)

Flynn, C. J., and Bishop and Borden, Js.

Argued January 20—officially released April 7, 2009

*Tyrone N. Tutko*, pro se, the appellant (plaintiff).

*Paul M. Cramer*, with whom, on the brief, was *Louis J. Dagostine*, for the appellee (defendant Metropolitan Property & Casualty Insurance Company).

*Opinion*

PER CURIAM. In this negligence action, the pro se plaintiff Tyrone N. Tutko[1] appeals from the judgment of the trial court rendered in favor of the defendant Metropolitan Property & Casualty Insurance Company[2] after a jury verdict. The plaintiff claims that the court improperly (1) added great confusion to his presentation of his case, (2) precluded him from presenting the testimony of his treating physician and (3) denied his

---

[1] The other plaintiff in this case, Michael Tutko, is not involved in this appeal. We therefore refer herein to Tyrone Tutko as the plaintiff.

[2] The defendant Claudia Goodman was a defendant in name only, as we explain further in the opinion. We therefore refer herein to Metropolitan Property & Casualty Insurance Company as the defendant.

motion to set aside the verdict and for a new trial. We affirm the judgment of the trial court.

The plaintiff was a passenger in an automobile that was involved in a collision on July 15, 2003. He originally brought this case against the owner and operator of the other vehicle, Claudia Goodman. Subsequently, when it became apparent that Goodman's liability insurance was inadequate to cover the plaintiff's losses, the defendant was cited in as a party defendant as the underinsured motor vehicle insurance carrier of the plaintiff, and the case proceeded as an action against the defendant for underinsured motorist benefits. The court, to avoid jury instructions about the issue of insurance and the defendant's corporate status, decided that the case would be presented to the jury as an action against Goodman. This was done, however, only after the defendant's counsel assured the court on the record that the defendant would honor any judgment up to the limits of its coverage. The jury returned a verdict in favor of Goodman and, on the verdict form, answered "No" to the statement: "The plaintiff has proven by a preponderance of the evidence that Claudia Goodman was negligent in causing the accident with [the plaintiff]."[3] After denying the plaintiff's postverdict motion, the court rendered judgment in favor of the defendant. This appeal followed.

The plaintiff's first claim is that the court improperly "add[ed] great confusion to [the] plaintiff's presentation of his case at trial." The plaintiff raises three contentions under this general claim: (1) the court improperly granted the defendant's motion to preclude the testimony of the plaintiff's treating orthopedic surgeon; (2)

[3] Therefore, the jury did not reach the other two specific questions presented to it, namely, "Claudia Goodman's negligence was the legal cause of [the plaintiff's] injuries," and "[t]he jury awards the following for economic and non-economic damages . . . ."

the court improperly precluded the plaintiff's references to insurance by presenting the case to the jury as a case against Goodman, rather than against the defendant; and (3) the court improperly dealt with a note from a juror at the end of the first day of evidence. None of these contentions has merit.

The first contention is irrelevant to the plaintiff's appeal because the jury never reached the issue of causation of his injury or damages.[4] The second is without merit because the plaintiff did not object to the procedure adopted by the court.[5] "[A]lthough we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) *Sakon* v. *Glastonbury*, 111 Conn. App. 242, 258 n.5, 958 A.2d 801 (2008), cert. denied, 290 Conn. 916, 965 A.2d 554 (2009). The third requires more discussion but is meritless nonetheless.

As the court explained in its response to the plaintiff's motions for articulation, at the close of the first day of evidence, a juror sent a note to the court, indicating, in substance, that the jury might be in a position to conclude the case that day. Because of the possible implication that the jury may have disregarded the court's instruction not to discuss the evidence until the conclusion of the presentation of evidence and the court's instruction, on the day following receipt of the

---

[4] This also disposes of the plaintiff's second claim on appeal, namely, that the court improperly precluded the physician's testimony.

[5] The defendant asserted in its brief in this court that the "plaintiff failed to preserve [this] claim of error by objection." The plaintiff did not file a reply brief contesting this assertion and did not file a transcript of the trial court proceedings at which this procedure was adopted by the court. Therefore, we have no hesitation in accepting this assertion by the defendant. Moreover, we see no abuse of discretion by the court in adopting this procedure, which clearly was aimed at simplifying and clarifying the issues for the jury.

juror's note, the court held a hearing in which it interviewed the juror in question. The juror assured the court that there had been no such discussion and that the context of the note was that the trial was being held within one week of Christmas and the jurors were interested in making sure their time was used efficiently. We see nothing improper about the court's conduct in this regard.

The remaining claim of the plaintiff is that the court improperly denied his motion to set aside the verdict and for a new trial. The basis of this claim is that he was a passenger in a car that was hit from the rear by Goodman's vehicle, and, therefore, he must recover damages. This claim is unavailing. The plaintiff merely refers us to the allegations of his complaint, without any reference to the transcript. Moreover, it is well settled that a plaintiff cannot recover merely by proving that a collision occurred; he must prove negligence. *Winn* v. *Posades*, 281 Conn. 50, 57, 913 A.2d 407 (2007). The jury found that he failed to do so. We see no reason to disturb that finding.

The judgment is affirmed.