**Bingham v. Poswistilo**

18

*Paul G. Batyko III,* for plaintiffs.

*Brian D. Boyle,* for defendant Poswistilo.

*Kevin M. Higgins,* for defendant Ritz.

*Robert T. Panowicz,* for defendant Erie Insurance Exchange.

NEALON, *J.,* April 8, 2011—A defendant motorist in this automobile accident suit has filed preliminary objections asserting misjoinder of the male plaintiff's tort action and underinsured motorist (UIM) claims in a single action and alleging improper venue in Lackawanna County

20

as to the tort action. For the reasons discussed below, tort and UIM claims may be joined under Pa.R.C.P. 2229(b) and the presiding trial judge may address any evidentiary issues involving Pa.R.E. 411 in the manner [s]he deems most appropriate.

However, venue may not be laid against the defendant motorists in Lackawanna County since the subject accident occurred in Lehigh County, the alleged tortfeasors are not residents of Lackawanna County and the UIM insurer cannot be jointly and severally liable for the entire jury award as required by Pa.R.C.P. 1006(c)(1). Consequently, in light of the forum selection clause contained in the UIM policy requiring the UIM suit to be filed in Lackawanna County, the tort action against the defendant motorists must be severed and transferred to Lehigh County pursuant to Pa.R.C.P. 1006. As a result, the preliminary objections asserting misjoinder of causes of action will be overruled, but the preliminary objection based upon improper venue will be sustained with respect to the tort action.

## I. FACTUAL BACKGROUND

This civil action stems from an automobile accident which occurred on the Northeast Extension of the Pennsylvania Turnpike when a vehicle operated by defendant Frank Poswistilo ("Poswistilo") struck the rear portion of an automobile driven by defendant Matthew D. Ritz ("Ritz") which, in turn, collided with the rear of a vehicle operated by plaintiff Daniel J. Bingham ("Bingham"). (Plaintiffs' complaint, ¶¶9-13) At the time that suit was commenced, Bingham resided in Lackawanna County and Poswistilo and Ritz were residents of

Northampton County and Lehigh County respectively. (*Id.*, ¶¶1-3) It is undisputed that the accident occurred in Lower Macungie Township, Lehigh County. (Defendant Ritz's preliminary objections, ¶2; plaintiffs' answer to preliminary objections, ¶2)

On the date of the accident, Bingham was personally insured by a policy issued by defendant Erie Insurance Exchange ("Erie") providing UIM coverage in the amount of $300,000.00 per person/accident. (Plaintiffs' complaint, ¶¶8, 33-34, Exhibit B) In addition, Bingham's vehicle was insured by a separate policy that Erie had issued to the limited liability company, "Dan the Gutterman, LLC," of which Bingham is president. (*Id.*, ¶31, Exhibit A) The latter Erie policy has UIM coverage limits of $500,000.00 (unstacked). (*Id.*, ¶32, Exhibit A)

On August 27, 2010, Bingham instituted the above-captioned matter against Poswistilo, Ritz and Erie. In Counts I and II of the complaint, Bingham has advanced tort claims against Poswistilo and Ritz seeking to recover damages for his physical and financial harm. (*Id.*, ¶¶16-25) Bingham's spouse, Karen M. Bingham, has asserted claims for loss of consortium in Counts III and IV. (*Id.*, ¶¶26-29) In Count V of the complaint, Bingham avers that the tortfeasors' liability insurance coverages are insufficient to fully compensate him for his damages, as a result of which Bingham has set forth a cause of action against Erie seeking recovery of UIM benefits pursuant to the foregoing policies. (*Id.*, ¶¶30-40)

Ritz has filed preliminary objections seeking two forms of alternate relief. First, Ritz asserts that venue is improper

in Lackawanna County since neither Ritz nor Poswistilo reside here and the accident did not occur in Lackawanna County. (Defendant Ritz's preliminary objections, ¶¶7-10) In the alternative, Ritz seeks to sever the negligence claims against Poswistilo and Ritz from the UIM claim against Erie. Ritz argues that the tort and UIM claims do not involve common questions of law or fact or arise from the same occurrence, and that the continued consolidation of those claims will violate Pa.R.E. 411 by introducing evidence of insurance in the tort action. (*Id.*, ¶¶12-15)

Bingham contends that venue is proper as to Erie under Pa.R.C.P. 2179(a)(2) and Pa.R.C.P. 2179(b)(3) since Erie regularly conducts business in Lackawanna County and its insured, Bingham, resides here. (Plaintiffs' brief in opposition, pp. 12-13) Bingham further submits that the forum selection clause contained in his Erie policy requires him to bring his UIM suit in the county in which he is domiciled. (*Id.*, pp. 13-14) Since venue is allegedly proper with respect to Erie, Bingham argues that venue may also be laid against Poswistilo and Ritz in Lackawanna County pursuant to Pa.R.C.P. 1006(c)(1). (*Id.*, pp. 11-12) As for Ritz's severance request, Bingham cites to several trial court holdings which have permitted third party negligence and first party UIM claims to be joined and litigated in the same proceeding, and urges the adoption of their reasoning in maintaining the joinder of his tort and UIM claims. (*Id.*, pp. 3-11)

In sum, Ritz challenges the propriety of venue in Lackawanna County via Pa.R.C.P. 1028(a)(1) and alternatively asserts "misjoinder of a cause of action" as per Pa.R.C.P. 1028(a)(5). In their memoranda of law,

Bingham and Ritz both address the severance question first and the venue dispute second, and we will consider those issues in that same order. Following the parties' filing of their supplemental briefs on April 1, 2011, Ritz's preliminary objections were submitted for a decision.

## II. DISCUSSION

### (A) *STANDARD OF REVIEW*

Preliminary objection is the exclusive method to challenge venue as "improper," and if the defendant fails to raise the issue of improper venue by preliminary objection, the matter is deemed waived. *Zappala v. Brandolini Property Management, Inc.*, 589 Pa. 516, 532-533, 909 A.2d 1272, 1281-82 (2006). Misjoinder of a cause of action likewise must be asserted by preliminary objection. See, *Citizens Bank of Pennsylvania v. Myers*, 872 A.2d 827, 835 (Pa. Super. 2005). The question of improper venue "is answered by taking a snapshot of the case at the time it is initiated: if it is 'proper' at that time, it remains 'proper' throughout the litigation." *Zappala*, 589 Pa. at 533, 909 A.2d at 1281; *Wilson v. Levine*, 963 A.2d 479, 483 (Pa. Super. 2008). The trial court's decision concerning an objection to venue will be disturbed on appeal only for an abuse of discretion or legal error. *Autochoice Unlimited, Inc. v. Avengard Auto Finance, Inc.*, 9 A.3d 1207, 1211 (Pa. Super. 2010); *Lovelace v. Pennsylvania Property and Casualty Insurance Guaranty Association*, 874 A.2d 661, 666 (Pa. Super. 2005).

### (B) *JOINDER OF TORT AND UIM CLAIMS*

Prior to 2005, the joinder of tort and UIM claims was a

24

non-issue in this Commonwealth since UIM claims were resolved via binding arbitration by virtue of Insurance Department regulations mandating insurance policy language requiring arbitration of UIM claims. See, Ronca & Sloane, *Pennsylvania Motor Vehicle Insurance: An Analysis of the Financial Responsibility Law*, §7.1, pp. 115-126 (Rev. Sept. 2010). In *Insurance Federation of Pennsylvania, Inc. v. Koken*, 585 Pa. 630, 889 A.2d 550 (2005), the Supreme Court of Pennsylvania overruled *Prudential Property and Casualty Insurance Company v. Muir*, 513 A.2d 1129 (Pa. Super. 1986), and held that the Insurance Department does not have the express or implied authority to require mandatory binding arbitration for UM/UIM claims in Pennsylvania. *Id.*, at 637-638, 889 A.2d at 555. In the wake of *Koken*, insurance policies now make arbitration of UM/UIM disputes optional or conditioned upon the insurer's consent, as a result of which UM/UIM claims are being litigated in court proceedings. See, *Gunn v. Automobile Ins. Co. of Hartford*, 971 A.2d 505, 508 n. 1 (Pa. Super. 2009) (quoting *Gunn v. Automobile Ins. Co. of Hartford*, 2008 WL 6653070 at * 2 (Alleg. Co. 2008)). The post-*Koken* litigation of UIM claims in court has generated considerable debate as to whether an injured claimant's tort action and UIM claim may be consolidated in a single proceeding. See, *Pennsylvania Motor Vehicle Insurance*, supra, at pp. 127-132.1 & Appendix G, pp. 594.1-594.6.

Although no Pennsylvania appellate court has addressed this narrow issue in the post-*Koken* era, Ritz contends that the joinder of Bingham's tort and UIM claims is improper under *Stokes v. Loyal order of Moose*

*Lodge*, 502 Pa. 460, 466 A.2d 1341 (1983). In *Stokes*, the plaintiffs sued a property owner for injuries sustained in a fall and the property owner attempted to join the liability insurer which refused to defend or indemnify the property owner, as well as the insurance agent who allegedly failed to renew the property owner's liability insurance policy. Claiming a wrongful denial of insurance coverage for the plaintiffs' claim, the property owner sought to join the insurer and agent as additional defendants pursuant to Pa.R.C.P. 2252(a). *Id.*, at 462-463, 466 A.2d at 1342-43.

The Supreme Court in *Stokes* noted that Rule 2252(a) was amended "to allow joinder of causes of action other than that asserted by plaintiff against defendant provided that they arise out of the same transaction or occurrence or series thereof." *Id.*, at 463,466 A.2d at 1343. Finding that the plaintiffs' tort claim against the defendant owner and the owner's wrongful denial of insurance coverage claims against the insurer and agent involved separate transactions or occurrences and divergent proof, the *Stokes* court affirmed the denial of the property owner's motion to join additional defendants, and held:

> The complaint against [the owner] was based on wife plaintiff's fall on [the owner's] premises. The complaint to join [the insurer] was based on [the insurer's] alleged obligation to insure and defend [the owner]. We find that this was a distinct transaction and that the complaints did not arise out of the same transaction or occurrence. We are persuaded by the reasoning in *Hottner [v. Boeltz*, No. 9405 of 1978 (C. P. Allegheny, filed April 11, 1979)] that such complaints should not

be joined because they do not involve a common factual background or common factual or legal questions. The evidence that would establish [the insurer's] obligation to insure is distinct from the evidence that would establish [the owner's] liability. *Id.*, at 467, 466 A.2d at 1345.

Bingham contends that Ritz's reliance upon *Stokes* is misplaced since *Stokes* concerned Pa.R.C.P. 2252 (right to join additional defendants) rather than Pa.R.C.P. 2229 (Permissive joinder).[1]

As stated above, no appellate court in Pennsylvania has had occasion to address the propriety of the consolidation of tort and UIM claims in a single action. In an appeal involving a pre-*Koken* policy which mandated UIM arbitration, the Superior Court considered the joinder of a tort claim with a UIM coverage dispute regarding the applicability of the "regularly used, non-owned vehicle" exclusion. The UIM insurer, Erie, asserted that the tort action and the declaratory judgment claim had been misjoined "because the two claims did not arise out of the same transactions or occurrences and did not involve common questions of law or fact." *Richner v. McCance,* 2011 WL 32499 at * 2 (Pa. Super. 2011).

The Superior Court in *Richner* noted that "Rule 2229(b) gives a plaintiff the option of joining two or more persons

---

1. Pennsylvania Rule of Civil Procedure No. 2229(b) provides that "[a] plaintiff may join as defendants persons against whom the plaintiff asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action." Pa.R.C.P. 2229(b).

as defendants if (1) the liabilities of the defendants arise from a common factual background, and (2) a common question of law or fact affecting the liabilities of the defendants will arise in the action." *Id.* at * 7. In finding that the tort action and declaratory judgment claim had been misjoined, the *Richner* court reasoned that the plaintiff's "dispute with Erie arises from the formation of the insurance contract between [his] parents and Erie" and involves "interpretation of the language of the 'regularly used, non-owned vehicle' exclusion clause in said contract." *Id.* In contrast, the plaintiff's tort claims, "including all questions of duty, breach of duty, causation, and damages, will be resolved through reference to what occurred during and after the automobile accident." *Id.* However, with regard to the specific issue raised by Ritz in this case, the Superior Court cautioned that it was not deciding the question of joinder in the post-*Koken* context, and remarked:

> In its analysis of Pa.R.C.P. 2229(b), the trial court erroneously applied the reasoning of various common pleas courts favoring "the tort claim and the UIM issue proceeding as one case." [Citations omitted]. The case law cited by the trial court deals with the joinder of third party liability claims with plaintiffs' claims against UIM insurance carriers for benefits. In these cases, the trial courts concluded that Pa.R.C.P. 2229(b) was satisfied because the third party claims and the underinsured motorist claims arose out of the same occurrence, i.e., the motor vehicle accident, and involved the same factual questions of liability and damages. The analysis of this joinder issue is inapposite to the one we decide

28

in this case. We emphasize that we are not here deciding the propriety of the joinder of third party liability claims with post-*Koken* UIM benefit claims. *Id.*, at n. 4.

The common pleas courts in at least nineteen counties have addressed the consolidation or severance of tort and UIM claims after *Koken*, with a slim majority of counties favoring the joinder of tort and UIM claims. According to the website "TortTalk.com" authored by Daniel E. Cummins, Esquire, Beaver, Cambria, Dauphin, Erie, Lawrence, Lehigh, Luzerne, Northampton and Pike counties support such consolidation whereas Adams, Butler, Lancaster, Mercer, Montgomery, Schuylkill, Washington and York counties favor severance of those claims. (See, *www.torttalk.com*/2009/12/new-and-improved-updated-list-of-post.html, at pp. 2-12 of 25) Lackawanna and Philadelphia counties reflect a split of authority among the judges within those judicial districts, with the jurists in those counties reaching conflicting conclusions. (*Id.*, at pp. 4-5, 7-8, 10-11) One federal district court has aligned itself with those counties favoring joinder and has granted a UIM insurer's motion to join the negligent tortfeasor as an additional defendant in the claimant's UIM suit against the UIM carrier. See, *Oswald v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2697113 (M.D. Pa. 2010).[2]

---

2. More recently, another federal district court considered a request to join a tort action and an uninsured motorist (UM) suit in an accident involving the contributory conduct of a phantom driver/vehicle. In *Christian v. First Liberty Insurance Corp.*, 2011 WL 949754 (M.D. Pa. 2011), the plaintiff was injured after a loose beer barrel on defendant's truck dislodged and struck the plaintiff's windshield. The defendant claimed that "the accident was unavoidable because a small SUV, the driver of which is unknown to either party, cut [defendant] off as he merged onto the highway." *Id.*, at *1. Plaintiff filed two separate actions against the tortfeasor and his UM insurer, Liberty Mutual, and thereafter sought to consolidate both cases. *Id.*

Those counties which have permitted consolidation of tort and UIM claims have reasoned that such joinder is appropriate under Pa.R.C.P. 2229 since both claims arise out of the same occurrence and present common questions of fact affecting the defendants' liabilities. See, *Firoozifard v. Krome*, 2010 WL 2666306 at * 2 n. 1 (Northampton Co. 2010) ("In this case, the claim against Krome and UM/UIM claims against State Farm arise out of the same occurrence — the automobile accident that occurred on February 5, 2008. Further, all three claims share common questions of fact affecting the defendants' liability — the negligence of the drivers and the amount of damages suffered by plaintiff."); *Bradish-Klein v. Kennedy*, 13 D. & C. 5th 445,447 (Beaver Co. 2009) (holding "that the third-party and underinsured motorist claims arose out of the same occurrence which was the motor vehicle accident, and involved the same factual questions of liability and damages."); *Jannone v. McCooey*, 2009 WL 2418862 at * 1 (Pike Co. 2009) ("The court, however, is satisfied that the causes of action against McCooey and State

---

Although the plaintiff and Liberty Mutual cited the conflicting county court rulings addressing the joinder of tort and UIM claims, the *Christian* court found those holdings distinguishable since they did not involve an unknown, phantom motorist. In denying the motion to consolidate, the district court stated:

In the instant case, the existence and identity of the alleged phantom motorist will be a question of fact for the jury. In other cases raising the question of joinder, the identity of the tortious driver was known, and their amount, or lack thereof, of insurance coverage could be determined. There were no questions of fact as to whether these drivers existed, only a question as to their negligence and liability. In the instant case, the jury, as argued by Liberty Mutual, may be prejudiced by the introduction of a deep pocket to find the very existence, let alone liability, of an unknown driver....Therefore, consolidation in the instant case would create a strong risk of prejudice against [Liberty Mutual]."

*Id.*, at *3.

Farm arise out of the same occurrence, namely the auto accident" and "[s]ince the factual questions surrounding that accident are relevant to the claims against both McCooey and State Farm, their joinder is permissible."). The courts within those judicial districts have concluded that joinder of tort and UIM claims also conserves limited judicial resources, avoids multiplicity of suits and unnecessary litigation delay and expense, and safeguards against inconsistent verdicts in separate proceedings. *Borthwick v. Webb*, 100 Luz. Leg. Reg. 135, 139 (Luz. Co. 2010) ("With the underlying facts relevant to both the UIM and third party action being identical, grant of the requested severance would invite the kind of inefficiency and burden to the court which defendant suggests would result from denial."); *Firoozifard*, supra at * 3 ("To the contrary, a joint trial of plaintiff's causes of action against Krome and State Farm will save judicial resources, avoid unnecessary delay and expense, and guard against inconsistent verdicts."); *Jannone*, supra ("In addition, the joinder of these claims will save significant judicial resources and avoid unnecessary delay and expense to the parties."). With regard to the proscription in Pa.R.E. 411 that "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully," the courts allowing consolidation have determined that joinder will not contravene Pa.R.E. 411 inasmuch as any proof of insurance will not be introduced to establish the tortfeasor's negligence or liability. See, *Firoozifard*, supra at * 2 ("Here, evidence of Krome's insurance would not be offered to establish his negligence; rather, it would

be offered to establish State Farm's contractual duty to provide UIM benefits to plaintiff, as State Farm is entitled to a credit in the amount of Krome's coverage before it is required to pay damages to plaintiff under its policy."); *Jannone*, supra at * 2 ("McCooey's insurance policy would most certainly be relevant to State Farm's liability since State Farm's liability is dependent on McCooey's coverage."). To avert the prospect of prejudice to the defendant, the *Firoozifard* court suggested that "the trial judge may present the caption to the jury in a manner that prevents [the UIM insurer] from being identified" and "can also require evidence of [the tortfeasor's] insurance to be presented outside the presence of the jury to be used solely for the purpose of molding the jury's verdict." *Firoozifard*, supra at * 3.

Courts favoring severance of tort and UIM claims have deemed the policy considerations supporting severance in Pa.R.C.P. 213(b) to be more compelling than those justifying permissive joinder under Pa.R.C.P. 2229(b). Some courts have relied upon *Stokes* in concluding that tort and UIM claims do not implicate common questions of law or fact justifying joinder. See, *Thomas v. Titan Auto Insurance*, 2010 WL 4053347 at * 3 (Phila. Co. 2010) (finding that "issues of whether a negligence duty is owed and breached by [the tortfeasors] and whether plaintiffs are entitled to benefits under the UIM policy of Nationwide and Titan are separate and distinct."); *Megert v. Stambaugh*, 2010 WL 231525 at * 5 (Adams Co. 2010) (reasoning "that the negligence claims include questions of duty, breach, causation, and damages" whereas" [f]or the UIM claim, the rights and obligations between plaintiffs

and the insurance defendants derive from the contractual provisions of the UIM policy between plaintiffs and the insurance defendants."). Others have determined that "[c]ommon issues of negligence and damages from the accident exist for both claims," but that "joinder injects the irrelevant and prejudicial issue of insurance into [the tort claims]." *Baptiste v. Strobel*, 2009 WL 3793590 at * 3 (Butler Co. 2009). Additionally, those judicial districts which sever tort and UIM actions have held that any reference to insurance in a consolidated proceeding is unfairly prejudicial and inadmissible under Pa.R.E. 403 and 411. See, *Thomas*, supra at * 5 ("This court concurs that joinder of both the negligence and contract claims brought in the plaintiffs' complaint would inject inadmissible and prejudicial issues of insurance at trial."); *Megert*, supra at * 5 ("...the danger of unfair prejudice to Stambaugh to even mention the presence of an insurance company while she is trying to defend herself from a negligence claim far outweighs any probative value to plaintiffs of having the two actions tried together."); *Baptiste*, supra at * 3 ("In the present case, the inclusion of insurance evidence...against defendant, Stroble, would yield minimal, if any, probative value in comparison to the potential for undue prejudice to the defense."). Thus, those courts have severed tort and UIM claims even though their severance resulted in two trials on arguably common issues of fact and law. See, *Baptiste*, supra ("While plaintiffs, some witnesses, and the court may be inconvenienced by two separate trials, severance will avoid undue prejudice.").

Of the 33 states which have reportedly analyzed the filing of UM or UIM claims in court, 27 jurisdictions

appear to permit joinder of UM/UIM claims with civil actions against tortfeasors or to allow for intervention and trial participation by the UM/UIM insurers. See, *Alston v. Atlantic Auto Rentals, LLC*, 2010 WL 4609988 at * 1 (Conn. Super. 2010); *Steffensmeier v. LeMars Mutual Insurance Company*, 276 Neb. 86, 93-95, 752 N.W.2d 155, 161-162 (2008); *Shiroka v. Farm Bureau General Ins. Co.*, 276 Mich, 98, 100, 740 N.W.2d 316, 318 (2007); *Brown v. Patel*, 157 P.3d 117, 127 (Okla. 2007); *Gibson v. GEICO General Ins. Co.*, 153 P.3d 312, 318 (Ak. 2007); *Lehrner v. Safeco Ins.*, 171 Ohio App.3d 570, 575, 872 N.E.2d 295, 299 (2007); *Wineinger v. Ellis*, 855 N.E.2d 614, 617 (Ind.Ct.App. 2006); *Leblanc v. Aysenne*, 921 So.2d 85, 88 (La. 2006); *USAA Cas. Ins. Co. v. McDermott*, 929 So.2d 1114, 1117 (Fla. 2nd DCA 2006); *Collins v. U.S.F. & G. Co.*, 384 N.J. Super. 439, 442, 894 A.2d 1234, 1236 (2006); *Bryan v. Peppers*, 175 S.W.3d 714, 722-723 (Mo. App. 2005); *Earle v. Cobb*, 156 S.W.3d 257, 259-260 (Ky. 2005); *Ellis v. United Services*, 909 So.2d 593, 596 n. 4 (Fla. 2nd DCA 2005) (applying Georgia law); *State Farm Mut. Auto. Ins. Co. v. Brekke*, 105 P.3d 177, 190-192 (Colo. 2004); *Brinker v. Forrest City School District*, 344 Ark. 171, 176, 40 S.W.3d 265, 269 (2001); *Fisher v. Allstate Insurance Company*, 136 Wash., 2d 240, 249-250, 961 P.2d 350, 355 (1998); *Smith v. Westfield Ins. Co.*, 932 F.Supp. 770, 772 (S.D. W.Va. 1996); *Fetch v. Quam*, 530 N.W.2d 337, 338-339 (No. Dak. 1995); *Sutch v. State Farm*, 672 A.2d 17, 22 (Del. 1995); *State Farm v. Shrader*, 882 P.2d 813, 829 (Wyo, 1994); *Waters v. U. S. Fid. & Guar. Co.*, 328 Md. 700, 718, 616 A.2d 884, 892 (1994); *Lowe v. Nationwide Ins. Co.*, 521 So.2d 1309, 1310 (Ala.

1988); *Lima v. Chambers*, 657 P.2d 279, 280 (Utah 1982); *Cook v. Fed. Ins. Co.*, 263 S.C. 575, 584,211 S.E.2d 881, 884-885 (1975); *State Farm v. Christiensen*, 88 Nev. 160, 162, 494 P.2d 552, 553 (1972); *Andeen v. Country Mut. Ins. Co.*, 70 Ill. App. 2d 357, 363-364, 217 N.E.2d 814, 817 (1966); *Dominici v. State Farm*, 143 Mont. 406,414, 390 P.2d 806, 809 (1964). Six states favor severance or bifurcation of UM/UIM claims from tort actions. See, *Macci v. Allstate Insurance Company*, 917 A.2d 634, 636 (D.C. 2007) (interpreting Virginia law); *In re Koehn*, 86 S.W.3d, 363, 368 (Tex. App. - Texarkana 2002); *Church v. Allstate Insurance Company*, 143 N.C. App. 527, 533, 547 S.E.2d 458, 462 (2001); *Mitchell v. Liberty Mutual Insurance Company*, 265 Kan. 556, 562, 961 P.2d 1235, 1240 (1998); *Handley v. Farm Bureau Mut. Ins. Co.*, 467 N.W.2d 247, 250 (Iowa 1991); *Broyles v. Bayless*, 878 F.2d 1400, 1405 (11th Cir. 1989) (applying Tennessee law). Those 33 jurisdictions have cited the same factors that have been referenced by the Pennsylvania trial courts in support of the joinder or severance of tort and UM/UIM claims.

The only Lackawanna County decisions addressing the joinder or severance of tort and UIM claims have been issued by visiting Senior Judge Harold A. Thomson, Jr. of Pike County. In *Moyer v. Harrigan*, No. 08 CV 1684 (Lacka. Co. Oct. 24, 2008), Judge Thomson denied the defendant's preliminary objections asserting misjoinder of causes of action and held:

The causes of action against the tortfeasor and the UIM insurer arise out of the same occurrence. Even though

the cause of action against defendant Harrigan sounds in tort and the cause of action against defendant Erie Insurance Exchange sounds in contract, it is the subject motor vehicle accident from which the obligations and responsibilities of both defendants arise. The rights and responsibilities of the parties will be effectively and efficiently fixed by a single action.

Furthermore, to sever the actions would force two trials on the same issues and with the same proofs. This would be a significant waste of judicial resources for the court and would cause significant delay and expense to the parties. *Id.*, at pp. 1-2. Accord, *Nehme v. Erie Insurance Company*, No. 09 CV 4982, Thomson, S. J. (Lacka. Co. Nov. 5, 2009) (overruling preliminary objections alleging misjoinder of tort and UIM claims).

However, Judge Thomson later reached a contrary conclusion in *Mehall v. Benedetto*, No. 09 CV 5849 (Lacka. Co. May 12, 2010). Relying upon *Stokes*, Judge Thomson "agree[d] with defendant Benedetto and [found] that the plaintiffs' negligence claim against defendant Benedetto should be severed from the underinsured motorist benefits and breach of contract claims against defendants Erie Insurance and John Joe Doe Insurance Agent." *Id.*, at p. 9. Needless to say, Bingham advocates the holdings in *Moyer* and *Nehme* (Plaintiffs' Brief in Opposition, pp. 5-6), while Ritz endorses the ruling in *Mehall* (Ritz's brief in support, p. 6).

With the benefit of this background, we will consider the merits of Ritz's preliminary objections asserting misjoinder of a cause of action pursuant to Pa.R.C.P.

1028(a)(5). Rule 2229(b) governing permissive joinder states, in pertinent part, that "[a] plaintiff may join as defendants persons against whom the plaintiff asserts any right to relief..., separately or in the alternative,...arising out of the same...occurrence,...if any common questions of law or fact affecting the liabilities of all such persons will arise in the action." Pa.R.C.P. 2229(b). Joinder is designed "to avoid piecemeal litigation and to afford complete relief in cases where damages are sought for injuries caused by actions that are the subject of both claims." *Citizen Bank of Pennsylvania*, 872 A.2d at 835 (legal causes of action for damages and separate claim for equitable relief were properly joined since "damages are sought for injuries caused by defendant's actions that are subject to equitable relief"). Pa.R.C.P. 2252 serves the common "purpose of avoiding multiple lawsuits by settling in one action all claims arising out of the transaction or occurrence which gave rise to the plaintiff's complaint." 202 *Island Car Wash, L.P. v. Monridge Construction. Inc.*, 913 A.2d 922, 926 (Pa. Super. 2006). Even prior to *Koken*, some trial courts in this Commonwealth approved the joinder of tort and first party contract claims under Rule 2229(b) where the determination of one party's responsibility for certain losses affected the other party's liability for damages. See e.g., *Sklar v. SEPTA and PMA Group*, 50 D. & C. 3d 549, 551 (Phila. Co. 1987) (permitting joinder of tort action and contract claim for first party medical and wage loss benefits since "[t]he amount obtained from [the first party benefits] insurance carriers may affect the balance recoverable against defendants in the liability action."); *Berkebile v. Nationwide Ins. Co. and Voll*, 6 D. & C. 3d

243, 250 (Somerset Co. 1977) (allowing joinder of tort action and contract claim for first party benefits since "Voll's liability for damages plaintiffs may recover...is dependent upon what Nationwide may be obligated to pay plaintiffs.").

Since Rule 2229(b) uses the disjunctive word "or" in the phrase "right to relief jointly, severally, separately or in the alternative," Ritz and Erie need not be jointly and severally liable to Bingham in order for Bingham to consolidate his tort and UIM claims. See, *In re Paulmier,* 594 Pa. 433, 448, 937 A.2d 364, 373 (2007) (the word "or" is disjunctive; it means one or the other of two or more alternatives). Rather, those claims may be properly joined under Rule 2229(b) if Ritz and Erie are "separately" liable to Bingham for damages. Under Pennsylvania law, Erie's UIM coverage would be triggered once Bingham's damages exceed the coverage limits of the legally responsible tortfeasors' liability insurance policies. See, *D'Adamo v. Erie Ins. Exchange*, 4 A.3d 1090, 1095-1096 (Pa. Super. 2010). Therefore, in the event that Bingham's damages exceed the applicable liability insurance coverage for Poswistilo or Ritz or both (depending upon the jury's liability finding), Erie would be "separately" liable for those excess damages.

Furthermore, Bingham's tort claims against Poswistilo and Ritz and his UIM claim against Erie are based upon the same automobile accident and the injuries allegedly suffered by Bingham in that accident. The issues to be decided in both actions are the negligence of the tortfeasors, the cause(s) of the accident and resulting harm, and the damages recoverable by Bingham for those injuries. Since

(a) Bingham's contract claim against Erie does not involve insurance coverage questions or exclusions, (b) Bingham is not asserting bad faith liability under 42 Pa. C.S. §8371 or seeking to recover counsel fees and punitive damages from Erie, and (c) there are no statute of limitations issues regarding Bingham's tort and contract claims, the proof offered in the tort and UIM actions will be identical. In short, Bingham's tort and UIM claims arise from the same occurrence and involve common questions of fact or law affecting the respective liabilities of Poswistilo, Ritz and Erie.

Based upon the criteria set forth in Pa.R.C.P. 2229(b), consolidation of Bingham's tort and UIM claims in a single action would be appropriate. What distinguishes the tort/UIM analysis from the customary joinder inquiry under Rule 2229(b) is concern regarding the admission of evidence relating to insurance and any prejudice that it may present for the defendants. Hence, the laudable interests in avoiding multiple suits, sparing the litigants any duplication of effort and expense, granting complete relief to the parties in a single suit and preventing inconsistent verdicts in dual proceedings must be balanced against the policies which Pa.R.E. 411 serves to promote.

Pennsylvania Rule of Evidence 411 provides that "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." Pa.R.E. 411. Notwithstanding that general ban, the Supreme Court of Pennsylvania has consistently "held that where evidence of insurance is relevant to the issues in the case it will not be barred merely because it might be prejudicial." *Beechwoods*

*Flying Service, Inc. v. Al Hamilton Contracting Corp.,* 504 Pa. 618, 623, 476 A.2d 350, 353 (1984). Accord, *DeVita v. Durst,* 647 A.2d 636, 641 (Pa. Super. 1994) ("courts have found evidence of insurance permissible where it is relevant to the issue in a case."), app. denied, 540 Pa. 606, 655 A.2d 993 (1995); The appellate courts in this state "have never said that the mention of insurance, per se, like dynamite with a live fuse, will blow up the case." *O'Donnell v. Bachelor,* 429 Pa. 498, 505, 240 A.2d 484, 487 (1968) (trial court committed reversible error by precluding cross-examination of witness concerning his employment by the insurance company which would be responsible for payment of any verdict against defendant); *Dolan v. Fissell,* 973 A.2d 1009, 1015 (Pa. Super. 2009), app. denied, 605 Pa. 685, 989 A.2d 917 (2010); *Carpinet v. Mitchell,* 853 A.2d 366, 376 (Pa. Super. 2004), app. denied, 586 Pa. 706, 889 A.2d 1212 (2005). As a result, Rule 411 also states that it "does not require the exclusion of evidence of insurance against liability when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness." Pa.R.E.411.

The insurance industry's successful challenge of mandatory UM/UIM arbitration clauses in *Koken* has created the prospect of consolidated tort and UIM actions and the resultant relevance of insurance evidence. See, 17 Couch on Insurance §246:36 (3rd Ed.) ("It is also the case that where joinder of the insurance carrier is permitted under state law, reference to the insurance carrier is not regarded as prejudicial."). States which permit such joinder have fashioned a variety of approaches in addressing the admissibility of insurance information under their

evidentiary laws which generally preclude evidence that a party is or is not insured. Some jurisdictions present the consolidated claims as a tort action against the negligent driver(s) only and do not permit the UIM insurer to be identified even though the UIM insurer will be bound by the jury's verdict. See e.g., *Bardis v. First Trenton Insurance Co.*, 199 N.J. 265, 269, 971 A.2d 1062, 1065 (2009) (citing N.J.R.E. 411 and holding "that there are strong reasons supporting the rule that the UIM litigation proceed in the name of the tortfeasor rather than the insurer, that these reasons ordinarily militate in favor of identifying the defendant in the trial by using the name of that tortfeasor, and that the decision to identify the UIM insurer as the defendant instead remains a matter left to the sound discretion of the trial judge should circumstances dictate."); *Tutko v. Goodman*, 113 Conn. App. 606, 609-610 & n. 5, 968 A.2d 432, 433-434 & n. 5 (2009). Under this procedure, the UIM insurer remains a party to the proceeding, but the name of the insurer and the terms of the UIM policy are withheld from the jury and the trial judge molds the jury's award to reflect the liabilities of the tortfeasor and UIM insurer. See, *Tidmore v. Fullman*, 646 P.2d 1278, 1283 (Okla. 1982).

Other states require the UIM insurer to be identified and allow reference to be made to insurance on the ground that such disclosure is properly deemed "another purpose" under their versions of Rule 411. Those jurisdiction conclude that concealment of the identity of the real party in interest — the UIM insurer — would perpetuate legal "charades" or fictions injury trials. See e.g., *Earle,* 156 S.W.3d at 259 ("For sound policy reasons, evidence

of liability insurance to show culpability is excluded. However, where a direct contractual relationship exists between a plaintiff and a defendant insurance company no such policy is warranted."); *King v. State Farm Mut. Auto Ins. Co.*, 157 Md. App. 287, 303, 850 A.2d 428, 438 (2004) (notwithstanding Md. Rule 5-411, trial court committed reversible error by permitting UIM insurer to litigate anonymously); *Lamz v. GEICO General Insurance Company*, 803 So.2d 593, 595-596 (Fla. 2001) (concluding that UIM carrier should have been identified to the jury and rejecting intermediate appellate court's conclusion that "[r]evealing in this case that GEICO was the underinsured motorist carrier would have suggested to the jurors that the other defendants had insurance coverage."); *State Farm Mut. Auto Ins. Co. v. Canady*, 197 W. Va. 107, 113, 475 S.E.2d 107, 113 (1996) (rule banning reference to insurance does not permit UM insurer to defend UM claim in name of uninsured tortfeasor); *Shrader,* 882 P.2d at 829-830 (analyzing W.R.E. 411 and "hold[ing] that the introduction of evidence of insurance did not result in prejudice to State Farm" and that "[t]he terms of coverage issues were not distinct and independent issues which would permit bifurcation under W.R.C.P. 42(b)."). Alaska requires the UIM insurer to be identified only if the tortfeasor and UIM insurer are sued in a single action and the jury could be confused as to whether those parties' interests are aligned or adverse. See, *Gibson*, 153 P.3d at 318. A few courts have concluded that although the existence of insurance may be referenced in a consolidated tort/UIM action, the amount of UIM coverage is not admissible. See, *Farley v. Allstate Insurance Company*, 355 Md. 34, 42, 733 A.2d 1014, 1018

(1999) ("In Maryland, the general rule is that evidence of a defendant's insurance is inadmissible to show fault or lack thereof. [citation omitted]. In cases where the insurance carrier is a party to the litigation, obviously the existence of insurance cannot be kept from the jury. In such cases, however,...the amount of uninsured/underinsured motorist coverage should not be disclosed unless the amount itself is in controversy."); *Tucker v. McQuery*, 107 Ohio Misc.2d 38, 40, 736 N.E.2d 574, 575 (Clermont Co. 1999).

As a practical matter, it is difficult to conceive how 21st century jurors are unaware of the existence of insurance in motor vehicle litigation. In compiling members of the venire, counties rely, in part, upon lists that are purchased from the Pennsylvania Department of Transportation containing the names of registered motorists within those counties who are 18 years of age or older. See e.g., *Com. v. Robinson*, 581 Pa. 154, 198-200, 864 A.2d 460, 486-487 (2004), cert. denied, 546 U.S. 983 (2005); *Salameh v. Spossey*, 731 A.2d 649, 656 (Pa. Cmwlth. 1999), app. denied, 568 Pa. 674, 795 A.2d 983 (1999). Lackawanna County has long utilized licensed drivers lists in summoning jury pools in accordance with 42 Pa. C.S. §4521. See, *Com. v. Cameron*, 664 A.2d 1364, 1370 (Pa. Super. 1995) (Lackawanna County's use of driver license registration lists for random selection of jurors found to be constitutionally sound), app. denied, 544 Pa. 622, 675 A.2d 1242 (1996). Under the Motor Vehicle Financial Responsibility Law, every registered motor vehicle in this Commonwealth must be "covered by financial responsibility" in the form of liability insurance, a program of self-insurance or other reliable financial resources

acceptable to the Department of Transportation and sufficient to satisfy personal injury claims in the amount of $15,000.00/person and $30,000.00/accident. See, 75 Pa. C.S. §§1702, 1782(a) and 1786(a). As a result of those compulsory liability insurance laws and the extensive advertising campaigns by competing automobile insurers which solicit drivers as customers, very few members of the jury panel should lack awareness of the applicability of liability insurance in automobile cases. See, *Krohn v. New Jersey Full Insurance Underwriters Association*, 316 N.J. Super. 477, 482, 720 A.2d 640, 642 (1998) (stating that "with the advent of compulsory automobile liability insurance... [t]he average juror may be aware that there is insurance coverage in almost every motor vehicle accident case."), certif. denied, 158 N.J. 74, 746 A.2d 937 (1999). This is particularly true in Pennsylvania where prospective jurors in tort actions are invariably questioned during voir dire as to any relationship that they or members of their immediate family may have with "the insurance industry, including employee, claims adjustor, investigator, agent, or stockholder in an insurance company." Pa.R.C.P. 220.1(a)(11). As the Supreme Court of West Virginia has observed:

> The underlying soundness of the general rule forbidding disclosure of the fact of insurance has been the object of scathing criticism.... Most jurors probably presuppose the existence of liability insurance anyway, and the heart of the policy nondisclosure is surrendered when jurors are examined about their connection with insurance companies. Consequently, the extent to which evidence of coverage or its absence is prejudicial is unclear.

Even the direction in which such prejudice might work is obscure. *Reed v. Wimmer*, 195 W.Va. 199, 208, 465 S.E.2d 199, 208 (1995) (quoting McCormick On Evidence §210 at 597 (3rd Ed. 1984)).

Based upon the foregoing, Pennsylvania trial courts may join and try tort and UIM claims in a single action without running afoul of Pa.R.E. 411. Assuming arguendo that the UIM insurer agrees to be bound by the jury's verdict, the trial judge may opt to try the consolidated case as a tort action without disclosing the identity or involvement of the UIM insurer and thereafter mold the verdict as necessary. Alternatively, the trial court may consider evidence of insurance as being "offered for another purpose" under Rule 411 and allow the UIM insurer to be identified and the tort and UIM issues to be decided jointly based upon carefully crafted instructions to the jury. See e.g., *Boone v. American Manufacturers Mutual Insurance Company*, 150 Md. App. 201, 232-233, 819 A.2d 1099,1117 (2003) (setting forth "several variations" of proposed instructions to be furnished to the jury in tort/UIM actions), cert. denied, 376 Md. 50, 827 A.2d 112 (2003). In that latter event, evidence of insurance would not be introduced "upon the issue whether the person acted negligently or otherwise wrongfully" as prohibited by Rule 411. See, *Firoozifard*, supra, at * 2.

Accordingly, after weighing the pertinent policies and goals sought to be fostered by Pa.R.C.P. 2229(b) and Pa.R.E. 411, we conclude that tort actions and UIM claims may be joined in a single proceeding, at least for pre-trial purposes. Consolidation of tort and UIM actions for discovery and pre-trial preparation will avoid duplicate

depositions, physical/mental examinations under Pa.R.C.P. 4010, vocational evaluations pursuant to Pa.R.C.P. 4010.1 and other forms of discovery. As per the individual civil trial calendar in effect in Lackawanna County, see, Lacka. Co. R.C.P. 214, the judge to whom the consolidated matter is assigned for trial will ultimately determine whether to sever the tort and UIM claims for separate jury trials or to try them as consolidated claims via one of the options identified above. It would be inappropriate for the judge who decides the joinder issue to make that determination preemptively for the judge who will preside over the trial of the tort/UIM case. In the interim, for the reasons discussed above, Ritz's preliminary objections asserting misjoinder of causes of action will be overruled.

### (C) *IMPROPER VENUE*

Ritz also contends that venue is not proper under Rule 1006(a)(1) due to the fact that neither of the tortfeasors may be served in this forum and the subject accident did not occur here. See, Pa.R.C.P. 1006(a)(1) ("...an action against an individual may be brought in and only in a county in which...the individual may be served or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law."). Venue relates to the right of a party to have the controversy brought and heard in a particular judicial district. *Deyarmin v. Consolidated Rail Corp.*, 931 A.2d 1, 8 (Pa. Super. 2007), app. denied, 597 Pa. 706, 948 A.2d 805 (2008). "Plaintiff's choice of forum is entitled to weighty consideration and should not be disturbed lightly." *Zappala*, 589 Pa. at 532, 909 A.2d at 1281.

Bingham argues that since venue is properly laid against Erie in Lackawanna County, it is proper as to Poswistilo and Ritz as well. Under Pa.R.C.P. 2179(a)(2), an action against a corporation or similar entity may be brought in any county where it regularly conducts business. See, *Gilfor v. Altman*, 770 A.2d 341, 345 (Pa. Super. 2001); *Shala v. Ryan*, 53 D. & C. 4th 129, 134-135 (Lacka. Co. 2001). In its responsive pleading, Erie has admitted that it is a reciprocal insurance exchange which regularly conducts business in Lackawanna County. (Plaintiffs' complaint, ¶4; Erie's answer and new matter, ¶4) Therefore, according to Erie's judicial admissions, venue lies against it in Lackawanna County.

Bingham submits that venue is also proper as to Erie under Rule 2179(b)(3). See, *Deyarmin*, 931 A.2d at 8 (stating that the prerequisites to venue contained in Pa.R.C.P. 2179 "are stated in the disjunctive and acts triggering any of the subsections are sufficient to attach venue."). Pa.R.C.P. 2179(b)(3) provides that "[a]n action upon a policy of insurance against an insurance... exchange" may be brought either in a county designated in Rule 2179(a) or "where the plaintiff resides, in actions upon policies of...accident...insurance...." See, *Pyle v. Pennsylvania National Insurance Company*, 11 D. & C. 3d 663, 671 (Somerset Co. 1979) ("Under [Rule 2179(b)(3)], an action can be brought in the county where the plaintiff resides if it is based upon certain enumerated types of policies. Thus, venue is not always dependent on the insurance company 'doing business.'"); *Kanes v. Mutual Benefit Health & Acc. Ass'n of Omaha*, 18 D. & C. 2d 58, 60 (Montg. Co. 1959) ("Pa.R.C.P. 2179 provides

for venue in the county where plaintiff resides, in actions upon policies of...accident...insurance or in the county designated in [Pa.R.C.P. 2179(a)]. Venue is provided for in the alternative, not in the conjunctive."). Since Bingham resides in Lackawanna County and his UIM claim against Erie arises from an accident insurance policy, venue as to Erie is similarly proper under Rule 2179(b)(3).

Additionally, Bingham maintains that Lackawanna County is the only forum in which he may institute this UIM suit due to the forum selection clause contained in Erie's policy. Section 10 of Erie's UM/UIM coverage endorsement is entitled "Lawsuits Against Us" and provides that "[s]uit must be brought in a court of competent jurisdiction in the county and state of *your* legal domicile at the time of the accident." (Erie Insurance Group Uninsured/Underinsured Motorists Coverage Endorsement - Pennsylvania, p. 4) (emphasis in original) The Superior Court has held that identical forum selection language in a UIM policy is clear, unambiguous and enforceable in Pennsylvania. See, *O'Hara v. First Liberty Ins. Corp.,* 984 A.2d 938, 942-943 (Pa. Super. 2009), app. denied, 995 A.2d 354 (Pa. 2010). In light of *O'Hara,* Bingham posits that Lackawanna County is the only acceptable forum for this UIM suit. (Plaintiffs' brief in opposition, pp. 13-15)

Pennsylvania Rule of Civil Procedure 1006(c)(1) states that "an action to enforce a joint or joint and several liability against two or more defendants,...., may be brought against all defendants in any county in which the venue may be laid against any one of the defendants" under the general venue rules, including Rule 2179. See, *Gilfor*, 770 A.2d at 344; *Shala*, 53 D. & C.4th at 135. The stated policy behind

Rule 1006(c) is "to prevent the unnecessary splitting of causes of action," *Ro-Med Construction Company. Inc. v. Clyde M. Bartley Co., Inc.*, 361 A.2d 808, 810(Pa. Super. 1976), and "to avoid multiplicity of suits." *Zappala*, 589 Pa. at 531, 909 A.2d at 1280; *Peaceman v. Cades*, 272 416 A.2d 1042, 1044 (Pa. Super. 1979). Thus, "[t]he meaning of the word improper, as used in [Pa.R.C.P. 1006(e)] is, as previously noted, shaped by Rules 2179 (providing where a personal action against a corporation may be brought), 1006(a) and (b) (providing where an action may be brought) and, relevant to this proceeding, 1006(c) ('an action...against two or more defendants...may be brought against all defendants in any county in which the venue may be laid against any one of the defendants...')." *Zappala*, 589 Pa. at 532-533, 909 A.2d at 1281. As a consequence, "reading Rule 1006(c) in conjunction with Rule 2179, a plaintiff may bring her action in any county where one corporate defendant...regularly conducts business..., notwithstanding that a co-defendant resides in another county." *Id.*, at 531-532, 909 A.2d at 1281.

If Rule 1006(c)(1) is applicable in this case, venue is proper in Lackawanna County with regard to Poswistilo, Ritz and Erie. Ritz contends that Rule 1006(c)(1) is inapplicable since "defendants Poswistilo and Ritz are incapable of being found joint tortfeasors with defendant Erie Insurance Exchange." (Ritz's brief in support, p.3) By order dated March 25, 2011, the parties were directed to file supplemental briefs "specifically addressing, with relevant authority, the threshold issue of whether the instant tort claims and underinsured motorist claim constitute actions 'to enforce a joint or joint and several

liability against two or more defendants' under Pa.R.C.P. 1006(c)(1)." (Docket entry No. 27, p. 2)

In his supplemental brief, Ritz notes that Bingham does not allege in his complaint that the motorists, Poswistilo and Ritz, are jointly or jointly and severally liable with Erie. (Ritz's Supplemental Brief, p. 2) Ritz references the rationale set forth in *Wissinger v. Brady*, No. 3792-2010, Van Jura, J. (Luz. Co. Aug. 16, 2010), in which the trial court transferred venue to another county after determining that although the UIM insurer regularly conducted business in Luzerne County, it was "not a potential joint tortfeasor with either or both of the individual defendants and could not be found jointly liable with either or both of them." *Id.*, at p. 7. Bingham's supplemental brief again discusses the enforceability of Erie's forum selection clause and attempts to distinguish *Wissinger* on the basis that the UIM policy in that case did not contain such a forum selection provision. (Bingham's supplemental brief, pp. 6-10) However, Bingham does not provide any statutory, decisional or other authority for his assertion that Poswistilo, Ritz and Erie are jointly or jointly and severally liable. (*Id.*, at p. 5 ("Practically speaking, the tortfeasors and Erie are jointly liable for the injuries sustained by [Bingham]."))

To be deemed joint tortfeasors, "the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury." *Lasprogata v. Quails*, 397 A.2d 803, 805 n. 4(Pa. Super. 1979); *Pitcavage v. Mastercraft Boat Company*, 632 F.Supp. 842,846 (M.D. Pa. 1985) (Nealon, C. J.). Damages for jointly caused harm are to be apportioned where there are distinct harms or a reasonable basis exists

for determining the contribution of each cause to a single harm. *Neal v. Bavarian Motors, Inc.*, 882 A.2d 1022, 1027 (Pa. Super. 2005), app. denied, 589 Pa. 722, 907 A.2d 1103(2006). However, if the tortfeasors' conduct causes harm that cannot be apportioned, each tortfeasor "is subject to liability for the entire harm, irrespective of whether their conduct is concurring or consecutive." *Id.* (quoting Restatement (Second) of Torts §879). As a result, the plaintiff may recover the entire damages award from only one of the joint tortfeasors under the theory of joint and several liability, and the recourse for the joint tortfeasor which pays more than its proportionate share of the verdict is to sue the nonpaying joint tortfeasor(s) in contribution. *Baker v. ACandS*, 562 Pa. 290, 300, 755 A.2d 664, 669 (2000).

Bingham has not alleged that Ritz and Erie acted together or independently in causing a single harm to Bingham. See, *Neal*, 882 A.2d at 1028; *Lasprogata*, supra. As discussed in Section II(B) above, Erie is responsible only for those damages which exceed the coverage limit(s) of the tortfeasor(s) found liable by the jury. Under no circumstances may Erie be liable for the full amount of the jury verdict, nor may Bingham look to Erie for payment of the entire damages award based upon its joint and several liability.

Therefore, the consolidated tort and UIM action cannot be considered to be "an action to enforce a joint or joint and several liability" against Poswistilo, Ritz and Erie for purposes of Pa.R.C.P. 1006(c)(1).

As such, Rule 1006(c)(1) cannot serve as grounds for

asserting venue against Ritz and Poswistilo in Lackawanna County. However, inasmuch as the forum selection clause in Erie's policy requires Bingham's UIM suit to be filed in the county of Bingham's domicile, his UIM action must be litigated in this forum under O'Hara. Hence, pursuant to Pa.R.C.P. 1006(e), the tort action against Poswistilo and Ritz must be severed and transferred to Lehigh County where the accident occurred. The cost and fees for the transfer of a certified copy of the record shall be paid by Bingham under Rule 1006(e).

We express no opinion as to whether Bingham may seek to coordinate his UIM suit in Lackawanna County and his tort action after it is transferred to Lehigh County. See, Pa.R.C.P. 213.1(a) ("In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions."). Any such request would be governed by the criteria set forth in Rule 213.1(c). Compare, *Wohlsen/Crow v. Pettinato Associated Contractors & Engineers, Inc.*, 666 A.2d 701, 704 (Pa. Super. 1995) (holding that if the court "decides that coordination is appropriate, it may do so in any court in which one or more of the actions is pending" and "[t]he choice of venue, like the decision to coordinate, is left to the sound discretion of the trial court.") and *Bumberger v. Duff*, 634 A.2d 1162, 1165-66 (Pa. Cmwlth. 1993) (concluding that since one defendant was a political subdivision which, by statute, could only be sued in a particular county, the only permissible venue for coordination was the county

in which the political subdivision could be sued). For the time being, Ritz's objection to venue will be sustained, Bingham's tort action will be severed from his UIM action, and the tort action against Poswistilo and Ritz will be transferred to Lehigh County. An appropriate order follows.

## ORDER

And now, April 8, 2011, upon consideration of the preliminary objections of defendant Matthew D. Ritz, the original and supplemental memoranda of law submitted by the parties, and the oral argument of counsel, and based upon the reasoning set forth in the foregoing memorandum, it is hereby ordered and decreed that:

1.   The preliminary objections based upon misjoinder of a cause of action under Pa.R.C.P. 1028(a)(5) are overruled;

2.   The preliminary objections asserting improper venue pursuant to Pa.R.C.P. 1028(a)(1) are sustained;

3.   The plaintiff's tort action against defendant Frank Poswistilo and defendant Matthew D. Ritz is severed from the plaintiff's underinsured motorist claim against defendant Erie Insurance Exchange, and the tort action against defendant Frank Poswistilo and defendant Matthew D. Ritz is transferred to the court of Common Pleas of Lehigh County pursuant to Pa.R.C.P. 1006(a)(1) and (e); and

4.   The Clerk of Judicial Records is directed to make certified copies of the docket entries, process, pleadings and other papers filed in the above-captioned matter and

to forward the certified copies of the court record to the Clerk of Judicial Records of Lehigh County. In compliance with Pa.R.C.P. 1006(e), the costs and fees associated with the copying and transmittal of the record shall be paid by the plaintiffs.