Neil STEPANOVICH

v.

John McGRAW and State Farm
Insurance Company.

Appeal of State Farm Mutual Automobile Insurance Company, Improperly Named As State Farm Insurance Company.

Neil Stepanovich

v.

John McGraw and State Farm
Insurance Company.

Appeal of John McGraw.

Superior Court of Pennsylvania.

Argued July 23, 2013.
Filed Oct. 15, 2013.
Reargument Denied Dec. 6, 2013.

Frank M. Gianola, Pittsburgh, for McGraw, appellant.

Mark A. Martini, Pittsburgh, for State Farm, appellant.

Scott B. Cooper, Harrisburg and Jennifer L. Webster, Pittsburgh, for appellee.

Leonard A. Sloane, Media, for Pa. Assoc. of Justice, amicus curiae.

BEFORE: FORD ELLIOTT, P.J.E., OTT, J., and MUSMANNO, J.

OPINION BY OTT, J.:

In this appeal, defendants John McGraw (McGraw) and State Farm Mutual Automobile Insurance Company (State Farm) appeal from the order entered on July 31, 2012, in the Court of Common Pleas of Allegheny County, granting Neil Stepanovich's (Stepanovich) post-verdict motion for new trial. The trial court

granted Stepanovich a new trial finding a perceived violation of procedural due process, specifically, the failure to identify State Farm to the jury as a party to the lawsuit. We reverse the order granting a new trial and remand for entry of judgment in favor of all defendants.[1]

The factual underpinnings of this matter are that Stepanovich was a pedestrian involved in a motor vehicle accident with a car driven by McGraw. There was no dispute that McGraw's vehicle came into contact with Stepanovich and that Stepanovich suffered some injuries as a result. The underlying dispute in the tort action was over negligence and the extent of the injuries. Stepanovich claimed McGraw was speeding and ran a red light, thereby causing the accident. McGraw claimed Stepanovich crossed the street against the light and outside of the marked crosswalk, thereby causing the accident. The jury found McGraw was not negligent.

In addition to the tort claim against McGraw, Stepanovich also filed suit against State Farm, his own automobile insurer, for underinsured motorist benefits. Pursuant to the State Farm insurance policy, Stepanovich was required to sue the alleged tortfeasor and State Farm in the same action.[2]

In response to the tort action and contract action being brought together, McGraw filed preliminary objections seeking, in relevant part, to bifurcate the issues. McGraw claimed:

> Admitting State Farm Insurance Company as a Defendant to the cause of action against the Defendant McGraw has prejudiced the Defendant McGraw. Pennsylvania case law has long held that the introduction of insurance into evidence, in a claim against a tortfeasor, is not only irrelevant and inadmissible but the mere mention of insurance is so prejudicial that it could be considered justification for mistrial. *Paxton Insurance Company v. Brickajlik* [513 Pa. 627], 522 A.2d 531 (Pa.1987). The inclusion of State Farm Insurance Company in the Complaint against the Defendant McGraw has created a scenario in which the admission of insurance into evidence will have to take place at trial.

McGraw's Brief in Support of Preliminary Objections, 5/13/11, at 1–2.

Stepanovich responded to McGraw's Preliminary Objections, in relevant part, claiming bifurcation was improper. He further argued:

> Defendant McGraw's contention that joinder of the claims is prejudicial because it introduces evidence of insurance into the action has been rejected by all of the above-listed courts.[3] The above

---

1. Our standard of review of an order granting a new trial is whether the trial court abused its discretion. *Harman v. Borah*, 562 Pa. 455, 756 A.2d 1116 (2000).

2. Although Stepanovich's claim for underinsured motorist benefits is labeled as breach of contract, *see* Second Amended Complaint, Count II, the contract is not technically breached until there has been a determination of liability and an award of damages in excess of the tortfeasor's liability limits. A UIM action represents a disagreement over third-party liability and/or the extent of damages. The insurance contract requires this disagreement be resolved through a lawsuit.

Stepanovich also claimed State Farm acted in bad faith pursuant to 42 Pa.C.S. § 8371, and in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 62 P.S. § 201.1, *et seq. See* Second Amended Complaint, Counts III, IV. The resolution of these claims was stayed by agreement of the parties and is not a part of this appeal.

3. Stepanovich provided a list of several trial court cases in which he asserted both UIM and third-party claims were tried together. There was, however, no discussion of the specifics of any of the cases.

cases have acknowledged that although an insurer is a party to the action, it does not mean that "evidence of insurance" will be introduced at trial or that prejudice would result. All issues involving Mr. Stepanovich's claim against his UIM carrier can be resolved without reference to the policy of insurance, insurance limits, etc.

Stepanovich's Brief in Opposition to McGraw's Preliminary Objections, 6/6/11, at 11–12.

In consideration of the Preliminary Objections and Response thereto, the trial court issued its order, stating in relevant part,

> Said preliminary objections are GRANTED as follows: the tort claim and UIM claim shall be tried first, and insurance will not be mentioned to jurors or prospective jurors except as required by Pa.R.C.P. 220.1(a)(11), and the trial judge shall structure the trial in such a way as to accomplish this.

Order, 6/28/11.

We note that the order forbidding mention of insurance comports with Stepanovich's statement in his brief that insurance need not be mentioned to resolve his UIM claim against State Farm and also addresses McGraw's concern that mentioning insurance could prove prejudicial to him.

Immediately prior to trial, the issue of how the trial would proceed without mention of insurance was raised. *See* N.T. Motions in Limine, 12/5/11, at 37–48.

> MR. FISKE [COUNSEL FOR STEPANOVICH]: Your Honor, I have one more question. Sort of a question/request. This is kind of unique. UIM claim is continuing at the same time as the third party case.
>
> My request is they only be allowed to present one opening, one closing, and one attorney does direct and cross. They should not be able to put on two separate cases. They're [sic] interests

are aligned against my client. They are both defending the case on liability and damages.

> I feel it is improper and prejudicial to us to allow them to do—after I go, they are going to do two openings. They [the jury] will wonder what is going on.

*Id.* at 37–38.

Later, the same argument was raised.

> MR. FISKE: They can pick who wants to do their opening, their closing, and who handles each witness. I mean, if I can't mention insurance, I can't mention that one of them is a party to the case, then why should they both put on two cases?
>
> I think the jury will think it's pretty strange that there's two lawyers giving two different openings, two different lawyers questioning my witnesses, questioning their witnesses, and two different lawyers putting on a closing.

*Id.* at 45–46.

Stepanovich reiterated his position on how the trial should proceed.

> THE COURT: It seems like—it seems to me the way to do it is to bifurcate.
>
> MR. FISKE: Then we're trying—I mean, we brought them together because of the same injuries, the same facts of the accident, same damages. If it goes over a hundred, it will trigger the IUM [sic] claim.
>
> THE COURT: Is there a right to jury trial on the IUM[sic]?
>
> MR. MARTINI [COUNSEL FOR STATE FARM]: Yes, Your Honor. Under the policy and by law. It's a contract action.
>
> MR. FISKE: We were given the option of bifurcating or allowing them to do two openings and two closings. We will let them do two openings and two closings rather than having to bifurcate and put it on twice.

THE COURT: All right.

MR. FISKE: Our preference is one defense.

*Id.* at 47.

The trial court allowed counsel for both defendants to actively participate, as long as there was no duplication of questioning, and forbade mention of insurance. After considering the evidence presented, the jury determined, by a vote of ten to two, that McGraw was not negligent and therefore Stepanovich was not entitled to an award of damages.

On December 19, 2011, Stepanovich filed a motion for post-trial relief in which he claimed he was prejudiced by having two parties with the same interests taking an active role against him when one of the parties was not identified. Specifically, Stepanovich argued:

> Simply put, Defendants McGraw and State Farm cannot have it both ways. Either the jury must be made aware of the nature and extent of Defendant State Farm's participation in the case, or its involvement is kept from the jury and the Defendants should be limited to providing a single, coordinated defense (i.e. one opening, one closing, one direct and one cross-examination per witness).

Motion for Post Trial Relief, 12/19/11, at ¶ 20.

In response, State Farm argued Stepanovich had been offered bifurcation rather than trying the tort and UIM claims together, but had refused, thereby waiving the argument. State Farm also noted that because State Farm had a separate interest from McGraw, it could not be precluded from participating in the trial. McGraw argued that Stepanovich had not demonstrated any prejudice and so was not entitled to relief. The trial court determined that it had erred throughout the process and ruled that not identifying State Farm as a defendant to the jury violated Stepanovich's procedural due process rights and granted a new trial.[4]

Without specifically stating it, the trial court's resolution also recognizes by necessity that Pa.R.E. 411 does not apply to the instant situation regarding State Farm's participation in the trial. Rather, Pa.R.E. 411 prohibits the introduction of liability insurance into evidence; liability insurance is required coverage providing indemnity to the alleged tortfeasor for injuries caused to others. *See* 75 Pa.C.S. §§ 1702, 1711–1725, Subchapter B, Motor Vehicle Liability First Party Benefits. Underinsured motorist benefits are optional benefits purchased by a motorist for personal protection, but which do not provide indemnity to the tortfeasor. *See* 75 Pa.C.S. §§ 1702, 1731–1738, Subchapter C, Uninsured and Underinsured Motorist Coverage. Therefore, a course of action identifying State Farm as a party would not necessarily run afoul of either Rule 411 or the 6/28/11 order.[5]

---

**4.** Although State Farm has argued the issue is waived, it is clear that the problem of how to address State Farm as a party was at issue throughout pre-trial and trial. In resolving the issue on due process grounds, the trial court appears to be recognizing that the 6/28/11 order addressing preliminary objections granted the trial court wide latitude in resolving the problem. The trial court was not limited only to the courses of action suggested by the parties.

**5.** The State Farm insurance policy requires the third party action and UIM claims be tried together. Therefore, we assume that State Farm, and other insurers who have a similar provision, have considered how to proceed in this circumstance without causing prejudice to the alleged third party tortfeasor. We are aware of several other trials in Pennsylvania in which the trial judge has addressed this issue and none of those cases are on appeal. *See* e.g., Amicus Curiae Brief Pennsylvania Association for Justice, Exhibits A–F. The issue of the appropriate language for instructions to the jury is not before us.

However, even accepting that Stepanovich was entitled to inform the jury of State Farm's participation, he is still not entitled to relief. The trial court opined that the due process violation entitled Stepanovich to a new trial. Neither Stepanovich, nor the trial court, have provided any law or analysis to support a claim that a due process violation is *per se* prejudicial. This conclusion represents an error of law. We note that generally, a violation of procedural due process requires a showing of prejudice before relief is granted. *See City of Philadelphia v. Fraternal Order of Police, Lodge Number 5 (Breary)*, 604 Pa. 267, 985 A.2d 1259 (2009); *Commonwealth v. Cordoba*, 902 A.2d 1280 (Pa.Super.2006); *Donegal v. Longo*, 415 Pa.Super. 628, 610 A.2d 466 (1992). Therefore, the failure to name State Farm as a party does not, by itself, require the grant of a new trial.

To prove prejudice, Stepanovich would have to show that but for the jury's ignorance of State Farm's identity, it would have found McGraw negligent. Neither the trial court nor Stepanovich provide any legal or logical connection between the two. The mere possibility that Stepanovich could obtain benefits from his own insurer did not dictate a finding that McGraw was negligent. Therefore, the jury's determination that McGraw was not negligent cannot be dependent upon or connected to the identity of the UIM carrier. Accordingly, the failure to identify State Farm cannot compel a new trial because Stepanovich cannot demonstrate the requisite prejudice needed to prevail.

Order granting new trial reversed. Matter is remanded for entry of judgment upon jury verdict in favor of defendants.

FORD ELLIOTT, P.J.E., files a concurring and dissenting opinion.

**CONCURRING AND DISSENTING OPINION BY FORD ELLIOTT, P.J.E.:**

I join in the Majority's well-reasoned resolution of State Farm's waiver issue and its analysis of the non-application of Rule 411 to the facts of this case. However, I respectfully dissent from the result reached and would instead affirm Judge O'Reilly's grant of a new trial to Stepanovich.

I agree with the Majority that a violation of due process rights requires a showing of prejudice to warrant relief. In this case, Judge O'Reilly, who presided over the trial, stated his reasons for the grant of a new trial on the prejudice issue consistent with Stepanovich's post-trial motions.

Our Court here in Allegheny County accommodated the insurance companies and developed an Order which permitted the insurance company to remain a phantom and directed the trial judge to "structure the trial in such a way as to accomplish this goal."

Some of my colleagues have characterized the phantom insurance company as "another interested party" and permitted a "double teaming" of plaintiff by both counsel for the tort feasor and counsel for the unnamed and undisclosed insurance company. I do not believe that such a procedure comports with due process. I also do not believe that any Appellate Court has directed this procedure.

In this case I did not permit the insurance company to be disclosed and I permitted the "double teaming" by both defense counsel. I could think of no way to not identify the insurance and yet let the jury know why this "double teaming" was going on. Thus I could not structure the trial to accomplish this goal.

After the Motion for Post-trial Relief was filed, I considered at length the

Arguments of counsel. I then concluded that I had committed error in the way I handled the case and my complicity in denying due process to Stepanovich. Thus I granted a new trial. In that trial the defendant insurance company should be identified.

Trial court opinion, 12/10/12 at 3–4.

We now agree with Judge O'Reilly that the identity of State Farm as a party in this matter does not run afoul of Rule 411. Clearly, as the trial judge who sat through the trial and observed what he believed was prejudicial "double teaming" by appellants, and determining that on re-trial, he would structure the proceedings differently, I defer to his exercise of discretion in this matter.

, I would affirm the trial court.